UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES WHEELER,

    Petitioner,

v.                                                              Case No.:  6:06-cv-913-Orl-19JGG
                                                                     (6:91-cr-146-Orl-19JGG)

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

This case is before the Court on Petitioner's Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b) Independent Action (Doc. No. 1, filed July 5, 2006).  Petitioner alleges that the jury should have determined the drug amount in his case.

In *Gonzalez v. Crosby*, 125 S. Ct. 2641 (2005), the United States Supreme Court held that a Rule 60(b) motion for relief from judgment in a habeas corpus case brought under 28 U.S.C. § 2254 should not be characterized as a second or successive petition pursuant to 28 U.S.C. § 2244(b) "if it does not assert, or reassert, claims of error in the movant's state conviction."  *Id*. at 2651.  The Eleventh Circuit Court of Appeals has determined that *Gonzalez'* "holding and rationale apply equally to § 2255 . . . ."  *See United States v. Terrell*, 141 Fed. App'x. 849, 851 (11th Cir. 2005).

Petitioner filed a section 2255 motion in case number 6:96-cv-926-Orl-19JGG, which was dismissed with prejudice. The claim raised in the present motion appears to have been raised in Petitioner's section 2255 motion and is merely an attempt to reassert a claim of error in his federal conviction.[1] Under the circumstances, the present Rule 60(b) motion should be treated as a second or successive section 2255 motion. *See id.*

Before Petitioner will be permitted to file a second or successive section 2255 motion in this Court, he must move in the Eleventh Circuit Court of Appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. §§ 2244 and 2255. Consequently, this motion will be dismissed without prejudice to allow Petitioner the opportunity to seek authorization from the Eleventh Circuit Court of Appeals.

Petitioner should be aware that section 2255 limits the circumstances under which the Court of Appeals will authorize the filing of a second or successive section 2255 motion. Furthermore, 28 U.S.C. § 2255 also imposes a time limitation on the filing of a section 2255 motion. Petitioner, in seeking relief in the Court of Appeals, should be cognizant of these provisions.

Accordingly, it is **ORDERED** that Petitioner's Motion for Relief From Judgment (Doc. No. 1, filed July 5, 2006) is **DENIED AND DISMISSED** without prejudice to the right of Petitioner to move in the Eleventh Circuit Court of Appeals for an order authorizing this Court to consider the motion.

---

[1] To the extent that Petitioner has raised a different issue, he still is attempting to assert a claim of error in his federal conviction.

**DONE AND ORDERED** at Orlando, Florida this __13th_____ day of July, 2006.

*[Signature: Patricia C. Fawsett]*

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:
sc 7/10
James Wheeler